IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AMY NG and ROBERTO CEN MO

**PLANTIFFS**

v.

US. CITIZENSHIP AND IMMIGRATION SERVICES; **NATALIA FIGUEROA** in her official capacity as Field Office Director, San Juan Field Office, U.S. Citizenship, and Immigration Services; **KIKA SCOTT**, in her official capacity as Acting Director, District 9 - Miami District Office, U.S. Citizenship and Immigration Services; U.S. Citizenship and Immigration Services. **HON. JOSEPH EDLOW**, in his official capacity as Director, U.S. Citizenship and Immigration Services; and **HON. KRISTI NOEM** in her official capacity as the Secretary of the U.S. Department of Homeland Security,

**DEFENDANTS**,

Case No.: 26-1127

## PRELIMINARY INJUNCTION

TO THE HONORABLE COURT:

COMES NOW, Plaintiffs AMY NG and ROBERTO CEN MO move for a preliminary injunction as set out below and Verified Complaint for Injunctive Relief. Fed. R. Civ. P. 65(a). and Local Rule 65.

Plaintiffs summit that they meet the standards for a preliminary injunction, i.e.,: "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public

interest." Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003); see also Lanier Prof'l Servs., Inc. v. Ricci, 192 F.3d 1, 3 (1st Cir. 1999)

Because a preliminary injunction presents no monetary risks to USCIS, and for the reasons set forth in the Preliminary Injunction, Plaintiffs respectfully request that this Motion for Temporary Restraining Order & Expedited Preliminary Injunction be granted without security. Plaintiffs further request the Court set an expedited hearing given the significant and irreparable harm they face today

## INTRODUCTION

1.  Amy NG is a United States Citizen. She is married to Roberto CEN MO, who is a non-citizen. On June 7, 2025, Mrs. NG filed a Petition for Alien Relative on behalf of her husband, in order to have her husband apply for permanent resident status. The defendants have unlawfully and unreasonably delayed the adjudication of the immigration petition (I-130) in bad faith to the prejudice of the plaintiffs. The plaintiffs seek relief in the form of an order from the Court to have the petition promptly adjudicated, since the Plaintiffs have a immigration court hearing on March 22, 2026 and if the USCIS does not adjudicate the Petition for Alien relative Form I-130 of Mr. CEN MO, he will be ordered removed from the United States.

## JURISDICTION

2.  This action is brought against the defendants, and those acting under them, for refusing to comply with the Administrative Procedure Act (APA), 5 U.S.C. §§ 551, §555(b), §701, et seq.; and for violations of the due process and equal protection clauses of the Fifth Amendment.

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question); and 1346(a)(2) (United States as defendant). This Court may grant relief pursuant to 5 U.S.C. §§ 702, 706 (judicial review of agency action); 28 U.S.C. § 1361 (the Mandamus Act); 28 U.S.C. § 1651 (the All-Writs Act); and 28 U.S.C. §§ 2201-02 (the Declaratory Judgment Act).

## VENUE

4. Venue is proper in the San Juan, Puerto Rico under 28 U.S.C. § 1391(e)(1) because "a substantial part of the events or omissions giving rise to the claim occurred," in this district.

## PARTIES

5. Petitioner Amy NG is a United States Citizen who lives in Carolina, Puerto. She is the petitioner in the immigration petition that is the subject of this complaint.

6. Petitioner Roberto CEN MO **(A240-396-953)** is a non-citizen who resides in Carolina, Puerto Rico. He is the bona fide husband of petitioner NG and is a beneficiary of the immigration petitions (I-130) that is the subject of this complaint.

7. Respondents **U.S. Citizenship and Immigration Services (USCIS)** is an agency of the U.S. Department of Homeland Security and is responsible for the adjudication of affirmative applications for immigration benefits, including the I-130 immigration petitions that are the subject of this preliminary injunction, USCIS is responsible for the legal wrongs committed against the plaintiff.

8. **Officer Natalia Figueroa** is sued in her official capacity as the Field Office Director for the USCIS San Juan Field Office. In this capacity, she has supervisory

authority over all operations of the USCIS San Juan Field Office which is responsible for the legal wrongs committed against the plaintiffs.

9. **Hon. Kika Scott** is sued in her official capacity as the District Director for USCIS District 9 – Miami District Office which has jurisdiction over the San Juan USCIS Field Office. In this capacity, she has supervisory authority over all operations of the USCIS San Juan Field Office which is responsible for the legal wrongs committed against the plaintiffs.

10. **Hon. Joseph Edlow** is sued in his official capacity as the Director of U.S. Citizenship and Immigration Services (USCIS) She has supervisory authority over the preceding defendants and is also responsible for the legal wrongs committed against the plaintiffs.

11. **Hon. Kristi Noem** is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS) which is responsible for the enforcement of the immigration laws. Because the preceding respondents are agents of the DHS, Secretary Noem is also responsible for the legal wrongs committed against the plaintiffs.

## EXHAUSTION OF REMEDIES

12. There is no administrative remedy, or statutory or regulatory remedy for review under the INA, or the Code of Federal Regulations, to address the circumstances presented in this case.

## FACTUAL ALLEGATIONS

13. Plaintiff NG is a United States Citizen and resident of the Carolina, Puerto Rico, (USA).

14. Plainitff Mrs. NG is married to Mr. Roberto CEN MO (A240-396-953) who is a noncitizen.

15. NG relationship with her husband is bonafide.

16. On June 7, 2025, NG filed with the respondents a Form I-130, Petition for Alien Relative, on behalf of husband CEN MO. This petition was assigned to receipt number IOE9245449070 by USCIS. (*Attachment 1*)

17. The petition packet filed by Mrs. NG contained the filing fee and sufficient supporting evidence for approval.

18. NG and her husband have not been interviewed by USCIS San Juan Field Office, to investigate the bonafide nature of their relationship.

19. Respondents have not requested any further documentary evidence from NG, regarding the bonafides of the relationship.

20. Because CEN MO is the husband of a United States Citizen, the petition filed on his behalf the petition is an "immediate relative" petition which is not subject to any numerical visa quota limitations. 8 U.S.C. §§ 1101(b)(1)(B), 1151(b)(2)(A)(i), 1151(f)(1) and Mrs. NG I-130 is still pending adjudication in the San Juan Field Office.

21. On June 9, 2025, Plaintiff CEN MO was placed in removal. **(Attachment 2)** If the I-130 is adjudicated before **March 22, 2026,** Mr. Cen MO can file his adjustment of status before the Immigration Court and become a lawful permanent resident.

22. The defendants are unreasonably delaying the adjudication of the petition filed on CEN MO's behalf in *bad faith, and awaiting March 22, 2026, so that the Plaintiff CEN MO is ordered removed by the immigration judge.*

23. On February 12, 2026, the Attorney for Mrs. NG sent an e-mail to the defendants explaining the urgent need and exceptional circumstances that require expediated adjudication of the I-130 petition before March 22, 2026. **(Attachment 3**

24. As up the filing of this complaint, no response was received by the defendants.

25. Plaintiff NG has been prejudiced because of the ongoing uncertainty and worry she is suffering with regard to whether her husband will be allowed to remain united with his family.

26. Mr. CEN MO is currently in removal proceedings and must submit all immigration court reliefs on or before 60 days after the date of the Scheduling Order issued by the Immigration judge or before **March 22, 2026**. **(Attachment 4)**

## FIRST CAUSE OF ACTION:
## PETITION FILED ON BEHALF OF CEN MO

27. The allegations in paragraphs 1-26 are realleged and incorporated herein.

(1) A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS,

28. Pursuant to 5 U.S.C. §§ 702, 706(1), the plaintiffs are entitled to declaratory and injunctive relief to "compel agency action unlawfully withheld or unreasonably delayed" with regard to the petition filed on behalf of Mr. CEN MO.

29.     Alternatively, the plaintiffs are entitled to relief to compel an adjudication of the petition filed, because: (1) the defendants have a nondiscretionary, ministerial, clear duty to adjudicate the petition; (2) the plaintiffs have a clear right to an adjudication of the petition within a reasonable time; and (3) there is no other adequate remedy available to the plaintiffs

30.     The actions of the Defendants as to the petition filed on behalf of NG husband have caused unlawful, unreasonable delay in the adjudication of the petition, and constitute an unlawful, unreasonable failure to adjudicate the petition, in violation of the APA, the INA, the Code of Federal Regulations, and denies the Plaintiff due process and equal protection of the laws guaranteed by the Fifth Amendment to the Constitution for the United States of America. See, e.g., 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

(2) A SIGNIFICANT RISK OF IRREPARABLE HARM IF THE INJUNCTION IS WITHHELD

31.     If this Defendant's actions are not ordered to adjudicate Mrs. NG Form I-130 before **March 22, 2026**, Plaintiffs and others similarly situated, will suffer immediate and irreparable harm by being subjected to arrest, detention and deportation.

(3) A FAVORABLE BALANCE OF HARDSHIPS, AND (4) A FIT (OR LACK OF FRICTION) BETWEEN THE INJUNCTION AND THE PUBLIC INTEREST.

32.     The balance of equities and the public interest strongly favor Plaintiffs, and the irreparable injuries they face far outweigh any burden on Defendants. An

injunction will simply preserve Plaintiffs rights from irreparable injuries should the unlawful delay in the adjudication of the I-130 be allowed to stand. Given those imminent and irreparable injuries, Plaintiffs request that the Court shorten the usual time requirements and set an immediate hearing, pursuant to Local Rule 65 of the Local Rules.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Honorable Court grant the following relief:

(a) Assume jurisdiction over this matter;

(b) Declare that the Respondents have unreasonably delayed, and have unreasonably failed to complete, the adjudication of Ramos' I-130 immigration petition filed on behalf of her Husband in violation of law (Six Months since the I-130);

(c) Order the defendants to adjudicate the I-130 immigration petition, that mrs. NG filed on behalf of her husband before **March 22, 2026.**

(d) Retain jurisdiction over this case to ensure compliance with all of this Court's orders;

(e) Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b); and

(f) Grant any other and further relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED.

In Santurce, Puerto Rico, March 4, 2026.

S/RAYMOND L. SANCHEZ-MACEIRA
USDC: 211405
PO BOX 191972
SAN JUAN, PR 00919
TEl 721-3370/ FAX 721-4706
sanchezlaw264@gmail.com

VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Plaintiffs and submit this verification on their behalf. I hereby verify that the factual statements made in the foregoing Preliminary Injunction are true and correct to the best of my knowledge.

Dated this March 4, 2026.

s/ RAYMOND L. SÁNCHEZ MACEIRA
USDC: 211405