

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
GUAYNABO (SAN JUAN)
IMMIGRATION COURT

| | |
|---|---|
| Respondent Name:<br>　CEN MO, ROBERTO<br>To:<br>　DE LA ROSA, SAMUEL<br>　P.O. BOX 193617<br>　SAN JUAN, PR 00919-3617 | A-Number:<br>240-396-953<br>Riders:<br>In Removal Proceedings<br>Initiated by the Department of Homeland Security<br>Date:<br>01/21/2026 |

### FINDING OF REMOVABILITY AND SCHEDULING ORDER

THE COURT HEREBY ENTERS its finding of removability and sets the following filing deadlines for the parties:

### REMOVABILITY FINDING

Based upon the record presented, including any admissions of factual allegations and concessions to the charge(s) by the respondent(s), the Court finds—or previously found—the respondent(s) removable from the United States as charged pursuant to the charge(s) in the Notice(s) to Appear.

　　INA section 237(a)(01)(B).

The Court hereby identifies PANAMA as the country of removal in this case.

### SCHEDULING ORDERS & ADVISALS

1. Within 60 days of the date of this order, the respondent shall file any and all applications for relief that have not yet been filed. The filing shall include:

    a. *Prima facie* evidence of eligibility for all applications filed.

    b. Estimated number of hours required for the individual hearing.

    c. Requested format of respondent's and counsel's attendance (in-person or internet-based).

    d. Interpreter request that clearly states the respondent's preferred language, and, if the respondent's preferred language is one with multiple variants, which variant the respondent

speaks.

   e. A statement of whether the respondent intends to seek voluntary departure, either as the sole form of relief or in the alternative.

2. Failure to file an application for relief by the 60-day filing deadline may result in a finding that the opportunity to file that application has been waived. If neither any application for relief nor any request for voluntary departure has been filed by the 60-day deadline, the Court may order the respondent removed from the United States.

3. If the respondent files an application that fails to provide complete answers to the questions in the application or otherwise fails to comply with the instructions in the application form, the Court may reject the application. *See* 8 C.F.R. § 1208.3(c)(3); Immigration Court Practice Manual (ICPM) Chap. 3.3(c)(9); *see also* INA § 240(c)(4)(B) ("The applicant must comply with the applicable requirements to submit information or documentation in support of the applicant's application for relief or protection as provided by law or by regulation or in the instructions for the application form.").

4. Applicants for asylum, withholding of removal, or protection under the Convention Against Torture are reminded that the Form I-589 filing instructions require the applicant to provide to the best of their ability a detailed and specific written account of the basis of the claim to asylum or other protection, including specific dates, places, and descriptions of any past harm, mistreatment, or threats experienced by the applicant or their family, close friends, or colleagues; membership or affiliation with any group or organization, including level of participation, positions held, and length of time involved; and an account of any arrests, detentions, or interrogations.

5. If a properly completed application for relief is timely filed, the Court will schedule a merits hearing. The notice of hearing will state the anticipated format of the hearing (in-person or internet-based). If the respondent or counsel wishes to change the format of the hearing, a motion must be filed at least 15 days prior to the scheduled hearing.

6. The biometrics process must be initiated within 60 days of the date the application for relief is filed with the immigration court. Failure to comply with this biometrics requirement without good cause may result in a finding that any applications for covered forms of relief have been abandoned. *See* 8 C.F.R. § 1003.47(c).

7. For those applications requiring payment of a filing fee and which are not the subject of a fee waiver request, a formal fee receipt is not required at the time of filing if not yet available, but adequate proof of fee payment must be attached. 8 C.F.R. § 1003.31(g). The fee receipt must be filed at least 30 days before the individual hearing, ICPM Ch. 3.4(b)(1); if not, the application may be deemed abandoned.

8. Other than evidence offered for rebuttal or impeachment purposes, the parties must file any other supplemental motions, briefs, or supporting documents regarding eligibility for relief at least 30 days before the scheduled individual hearing. Responses to filings must be filed within 10 days of the date of the original filing. Late submissions may be excluded from the record. *See* ICPM Chap. 3.1(b)(2)(B), (d)(2). The respondent's 30-day filing must include:

   a. Written updates, corrections, and/or additions to all pending applications for relief from removal.

   b. Witness list in compliance with ICPM Chap. 3.3(g), including a summary of each witness' proposed testimony. If any witness needs interpretation in a language other than the one designated for the respondent, a motion for an additional interpreter must be filed at least 30 days prior to the individual hearing.

   c. Prehearing Statement/Brief setting forth how the respondent meets the eligibility requirements for each form of relief sought and addressing any bars that may apply. In the case of asylum and withholding of removal under INA § 241(b)(3), the statement shall identify each applicable protected ground and its nexus to any harm faced by the respondent, including delineating each proposed particular social group the respondent wishes to assert.

9. Any document, witness, or other evidence that is reasonably available to corroborate an applicant's claims must be provided by the deadline set in Paragraph 8. If an item of corroborating evidence cannot be obtained, the applicant shall present evidence that it is not reasonably available, and/or of what reasonable efforts were made to obtain it. Continuances of individual hearings may not be granted to obtain evidence where the need for the evidence could reasonably have been foreseen and it could have been obtained in a timely fashion with the exercise of due diligence. For applications filed on or after May 11, 2005, failure to timely submit reasonably available corroborating evidence may result in denial of the application for relief for failure to meet the applicant's burden of proof, even where the applicant provides credible testimony.

## ADDITIONAL COURT ORDERS

**IT IS SO ORDERED.**

*[signature]*

Immigration Judge: Elvin R. Talavera-Peraza 01/21/2026

### Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : CEN MO, ROBERTO | A-Number : 240-396-953

Riders:

Date: 01/22/2026 By: PEREZ, MYRNELIS, Court Staff



# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## GUAYNABO (SAN JUAN) IMMIGRATION COURT

Respondent Name:
  CEN MO, ROBERTO

To:
  DE LA ROSA, SAMUEL
  P.O. BOX 193617
  SAN JUAN, PR 00919-3617

A-Number:
240-396-953
Riders:

In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
01/21/2026

☐ Unable to forward - no address provided.

☐ Attached is a copy of the **decision of the Immigration Judge.** This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision. See the enclosed forms and instructions for properly preparing your appeal. Your notice of appeal, attached documents, and fee or fee waiver request must be mailed to:

  Board of Immigration Appeals
  Office of the Clerk
  P.O. Box 8530
  Falls Church, VA 22041

☐ Attached is a copy of the decision of the immigration judge as the result of your Failure to Appear at your scheduled deportation or removal hearing. This decision is final unless a Motion to Reopen is filed in accordance with Section 242B(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252B(c)(3) in deportation proceedings or section 240(b)(5)(c), 8 U.S.C. § 1229a(b)(5)(c) in removal proceedings. If you file a motion to reopen, your motion must be filed with this court:

  Immigration Court

☐ Attached is a copy of the decision of the immigration judge relating to a Reasonable Fear Review. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available.

☐ Attached is a copy of the decision of the immigration judge relating to a **Credible Fear Review.** This is a final order. No appeal is available.

☑ Other:
    Scheduling order

Date: 01/21/2026

Immigration Judge: Elvin R. Talavera-Peraza 01/21/2026

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : CEN MO, ROBERTO | A-Number : 240-396-953
Riders:
Date: 01/22/2026 By: PEREZ, MYRNELIS, Court Staff