# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMY NG AND ROBERTO CEN MO<br><br>**Plaintiffs**<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; NATALIA FIGUEROA in her official capacity as Field Office Director, San Juan Field Office, U.S. Citizenship, and Immigration Services; KIKA SCOTT, in her official capacity as Acting Director, District 9 - Miami District Office, U.S. Citizenship and Immigration Services; U.S. Citizenship and Immigration Services. HON. JOSEPH EDLOW, in his official capacity as Director, U.S. Citizenship and Immigration Services; and HON. KRISTI NOEM in her official capacity as the Secretary of the U.S. Department of Homeland Security,<br><br>**Defendants** | **CIVIL NO.** 26-1127 (RAM) |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs Amy NG ("Ms. NG") and Roberto Cen Mo ("Mr. Cen Mo")'s (collectively "Plaintiffs") *Motion for a Temporary Restraining Order and Expedited Preliminary Injunction and Request an Immediate Hearing* (the "*Motion*"). (Docket No. 3). For the reasons outlined below, the *Motion* is **DENIED**.

## I.    BACKROUND

On March 4, 2026, Plaintiffs filed their *Complaint* and pending *Motion* seeking a temporary restraining order and preliminary injunction. (Docket Nos. 2 and 3). In the *Complaint*, Plaintiffs allege that: (1) Ms. NG is a United States Citizen; (2) she is married to Mr. Cen Mo, who is not a United States Citizen; (3) On June 7, 2025, Amy NG filed a Form I-130, Petition for Alien Relative (the "Petition"), on behalf of her husband with co-defendant the United States Citizenship and Immigration Service ("USCIS"); (4) the Petition contained the filing fee, supporting evidence, and was assigned the receipt number IOE9245449070 by USCIS; (5) USCIS has not approved the Petition, interviewed Plaintiffs, nor requested additional evidence; (6) On June 9, 2025, Mr. Cen Mo was placed in removal. (Docket No. 2 ¶¶ 13-20).

Plaintiffs allege that if the Petition is adjudicated before March 22, 2026, Mr. Cen Mo can file his adjustment of status before the Immigration Court and become a lawful permanent resident. Id. ¶ 21. However, they allege that USCIS is unreasonably delaying adjudication of the Petition in bad faith so that Mr. Cen Mo is removed. Id. ¶ 22. Accordingly, Plaintiffs request that the Court set an immediate hearing and order defendants to adjudicate the Petition before March 22, 2026.

## II. DISCUSSION

When evaluating a request for a temporary restraining order or preliminary injunction, courts must consider the same four factors: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the request is denied; (3) the balance of hardships; and (4) whether the TRO is in the public interest. *See* Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 161-162 (1st Cir. 2004) ("We hold that the traditional four-part preliminary injunction standard applies in full flower to motions brought under Rule 65 in hopes of securing prejudgment freeze orders.").

Furthermore, courts may issue a temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). It has long been established that under federal law, ex parte temporary restraining orders "**should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.**" Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of

Alameda Cnty., 415 U.S. 423, 439 (1974) (emphasis added). Therefore, "[t]emporary restraining orders 'must be used sparingly and only in cases where the need for extraordinary equitable relief is clear and plain.'" Ginzburg v. Martinez-Davila, 368 F. Supp. 3d 343, 347 (D.P.R. 2019) (quoting Northwest Bypass Grp. v. United States Army Corps. of Eng'rs, 453 F.Supp.2d 333, 338 (D.N.H. 2006)).

The Court finds that in the case at bar, Plaintiffs have not met their burden. As a threshold matter, Plaintiffs' filings are devoid of "citations and supporting authorities" as required by Local Rule 7(a)." L. CV. R. 7(a). Similarly, Plaintiffs crucially fail to establish, or even meaningfully articulate, likelihood of success on the merits. "The sine qua non of [the] four-part [injunction] inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

Even if Plaintiffs had made a better showing, the Court is skeptical that they would be likely to succeed on the merits. According to the First Circuit, an "adjustment of status," as requested here, "is a matter of grace, not of right, and the evaluation of such applications is left to the discretion of the Attorney General." Adeyanju v. Garland, 27 F.4th 25, 33 (1st Cir.

2022) (quoting Wallace v. Gonzales, 463 F.3d 135, 137 (2d Cir. 2006)). Moreover, the Receipt Notice Plaintiffs received upon filing the Petition provides:

> Filing and approval of a Form I-130, Petition for Alien Relative, is only the first step in helping a relative immigrate to the United States. The beneficiaries of a petition must wait until a visa number is available before they can take the next step to apply for an immigration visa or adjustment of status to lawful permanent residence. To best allocate resources, **USCIS may wait to process I-130 forms until closer to the time when a visa number will become available, which may be years after the petition was filed.**

(Docket No. 2-1) (emphasis added).

In the absence of any statutory or jurisprudential authority to support their request, the Court hereby **DENIES** Plaintiffs' *Motion* at Docket No. 3.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 6th day of March 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge