IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMY NG and ROBERTO CEN MO <br><br> **PLANTIFFS** <br><br> v. <br><br> US. CITIZENSHIP AND IMMIGRATION SERVICES; **NATALIA FIGUEROA** in her official capacity as Field Office Director, San Juan Field Office, U.S. Citizenship, and Immigration Services; **KIKA SCOTT**, in her official capacity as Acting Director, District 9 - Miami District Office, U.S. Citizenship and Immigration Services; U.S. Citizenship and Immigration Services. **HON. JOSEPH EDLOW**, in his official capacity as Director, U.S. Citizenship and Immigration Services; and **HON. KRISTI NOEM** in her official capacity as the Secretary of the U.S. Department of Homeland Security, <br><br> **DEFENDANTS**, | Case No.: 26-1127 |

MOTION REQUESTING RECONSIDERATION

TO THE HONORABLE COURT:

COMES NOW Plaintiffs through the undersigned attorney and respectfully states and prays as follows:

1. On May 6, 2026, the Honorable Court denied Plaintiff's Motion for Preliminary Injunction. (ECF# 7)

2. The court denied the Plaintiff's Preliminary Injunction motion because it was devoid of "citations and supporting authorities" as required by Local Rule 7(a)." L. CV. R. 7(a) and have not shown a likelihood of success on the merits. (ECF# 7) The

concluded that: "In the absence of any statutory or jurisprudential authority to support their request, the Court hereby DENIES Plaintiffs' Motion at Docket No. 3" (Id)

3. The Plaintiffs respectfully request that the Court reconsider its ruling denying the TRO, as the facts alleged in the complaint and the statutory or jurisprudential authority cited herein demonstrate that the Plaintiff can establish more than a likelihood of success on the merits. This request is made to prevent irreparable harm to the family.

4. A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).</u> The movant's likelihood of success on the merits is the "main bearing wall" of our analysis. <u>W Holding Co. v. AIG Ins. Co. - Puerto Rico, 748 F.3d 377, 383 (1st Cir. 2014).</u>

## I. LIKELIHOOD OF SUCCESS ON THE MERITS

6. Mrs. Amy Ng's is a United States Citizen **(Attachment 1),** that is petitioning for her husband. **(Attachment 2)**, as such, her petition for Alien Relative (Form I-130) does not have to wait for a visa number to become available, since her husband is an immediate relative. **See 8 U.S.C. § 1151(b)(2)(A)(i)**; See <u>Matter of P-, 4 I&N Dec. 610, 613 (A.G. 1952),</u> stating that a spouse of a U.S. citizen <u>is eligible for an immediate visa</u> under section 201(b)(2)(A)(i) of the Act. Once Form I-130 is approved, a visa is

immediately available, allowing Mr. Cen Mo to file for Adjustment of Status right away before the immigration court.[1].

5.      Mr. Cen Mo entered legally and was admitted to the United States on June 27, 2022. **(Attachment 3)**. E*ven though Mr. Cen Mo overstayed his visa*, he can file an Adjustment of Status *before the Immigration Court*, since he is married to a United States Citizen and is in removal proceedings. **See Matter of Cabazos, 17 I&N dec. 215(BIA 1980).**

## II. IRREPABLE HARM

7.      On January 21, 2026, the Immigration Judge (IJ) ordered: "Within 60 days of the date of this order, the respondent shall file any and all applications for relief that have not yet been filed" **(Attachment 4, p. 3)**. Accordingly, the 60-day deadline concludes on March 21, 2026.

8.      The IJ's order also states that: "Failure to file an application for relief by the 60-day filing deadline may result in a finding that the opportunity to file that application has been waived." **(Attachment 4, p. 4, ¶2, emphasis added)**

9.      Mr. Cen Mo must submit his application for immigration relief (Adjustment of Status) by the established deadline; failure to obtain adjudication from USCIS prior to March 21, 2026, will result in ineligibility.

10.     If the Adjustment is not filed before March 21, 2026, the IJ will consider the relief abandoned. If an IJ denies an application for relief on the grounds that the

---

[1] This is different to the information considered by the court from the receipt notice of the I-130. (ECF# 7, p. 5)

noncitizen abandoned the application by missing a filing deadline, the IJ's decision is reviewed for an abuse of discretion and should be reversed only if arbitrary or capricious." See <u>Moreta v. Holder, 723 F.3d 31, 33-34 (1st Cir. 2013)</u>.

11. Plaintiffs cannot file Adjustment of Status before the Immigration Court if his I-130 is not adjudicated. (See <u>Matter of Garcia 16 I&N Dec. 653 (BIA 1978)</u> (An IJ should generally grant a continuance for a person in removal proceedings if they have a pending prima facie approvable I-130 petition through a USC spouse.)

12. The irreparable harm in this situation is twofold: First, the Plaintiff cannot submit his adjustment of status application to the United States Citizenship and Immigration Service (USCIS) since the case remains pending before the Immigration Court. (See Attachment 3) Additionally, USCIS has decided to administratively close the case because Mr. Cen Mo is currently undergoing removal proceedings. (Id)

13. This Court was skeptical that Plaintiff would be likely to succeed on the merits, and cited Adeyanju v. Garland, 27 F.4th 25, 33 (1st Cir. 2022). The plaintiff interpreted the court's reasoning as expressing concern regarding whether the Immigration Judge would *ultimately* approve the adjustment of status.

14. But Plaintiff respectfully states that at such a developing stage in the litigation, an inquiring court need not **conclusively** determine the merits of the movant's claim; it is enough for the court simply to evaluate the **likelihood** vel non that the movant ultimately will prevail on the merits. <u>**See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996)**</u>

15. The Plaintiff has demonstrated that if his I-130 is approved before the Immigration Judge's deadline, he will be able to submit an adjustment of status application in immigration court. The main concern is whether a remedy is available before the Immigration Judge. Plaintiffs are not asking the District Court to approve any petition; such matters fall within the discretion of the Immigration Judge and the Attorney General. We are requesting that defendants adjudicate the petition prior to the March 21, 2026, deadline set by the Immigration Judge, so the Plaintiff can pursue relief before the court.

16. It is unjust for defendants to place the plaintiff in removal proceedings yet delay the adjudication of a necessary form required to seek immigration remedies before the court.

17. Plaintiff motion includes new citation of laws, cases and have better articulated likelihood of success on the merits. Therefore, Plaintiffs have satisfied the standard for reconsideration. *See FDIC v. Mapfre Praico Ins. Co. of P.R.*, 638 F. Supp. 3d 102, 10607 (D.P.R. 2022) (Courts have discretion to grant such motions only if the moving party demonstrates (1) a manifest error of law or fact, (2) newly discovered evidence, or (3) a significant intervening change in the law).

### III. ALTERNATE REQUEST

17. Today, the defendants were served with summons. Plaintiff respecfully request that at least the court order the defendant to answer the Complaint in 5 days, to have their perspective on the matter before the court or order a hearing so that all parties can be heard, in the interest of justice and good cause.

WHEREFORE, Petitioner respectfully requests that this Court grant the preliminary injunction motion, or alternatively, expedite the time allotted for the defendant to respond to the complaint, or schedule a hearing to ensure both parties' perspectives are duly considered by the Court.

At San Juan, Puerto Rico, March 11, 2026

Respectfully Submitted,

s/ RAYMOND L. SÁNCHEZ MACEIRA
USDC: 211405
COUNSEL FOR DEFENDANT
PO BOX 191972
SAN JUAN, PR 00919
TEL. 721-3370/FAX 721-4706
sanchezlaw264@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on March 11, 2026, I electronically filed the foregoing with the clerk of the court using CM/ECF system which will send notification of such filing to the following: To All parties of record.

In San Juan P.R. March 11, 2026.

S/RAYMOND L. SANCHEZ-MACEIRA
USDC NO. 211405
PO BOX 191972
SAN JUAN, PR 00919
Tel. 787-721-3370/ FAX 787-751-6697